## STATE v. LEIGH SIMMS AND ANOTHER.[1]

March 8, 1946.

No. 34,106.

*Oscar G. Haugland,* for appellants.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

LORING, CHIEF JUSTICE.

This is an appeal from an order denying a new trial after a conviction in the municipal court of Minneapolis finding defendants guilty of maintaining an unlawful building and structure at 411-413 Fourteenth avenue southeast, Minneapolis.

In 1904, William Simms erected a building at the above address, in the lower part of which the William Simms Hardware Store was located. In 1932, Robert Simms, then co-owner with his brother Leigh and mother, Emma, applied for a building permit whereby six apartments would be installed on the second floor. At that time, Simms was informed by the proper authorities that his building could have three residential apartments and three commercial offices on the second floor. He was refused permission for six apartments because the second floor would then be in violation of the

[1]Reported in 22 N. W. (2d) 18.

human habitation space requirements of the state housing act. L. 1917, c. 137. The Simmses put in six apartments on the second floor, which were completed, rented, and have been continuously occupied as dwellings by tenants since 1932.

Defendant Leigh Simms is charged with violating the building regulations, in that he altered a building into a dwelling for human habitation without the issuance of a certificate from the inspector of buildings of the city of Minneapolis. He claims that this action is barred by the time limitation of the Minneapolis building code. He also sets up the defenses of *res judicata* and double jeopardy.

L. 1917, c. 137, Minn. St. 1941, § 460.01, *et seq.* (Mason St. 1927, § 1630-3, *et seq.*), (housing act), specifically provided that it should not apply to cities having home-rule charters. In 1920, Minneapolis adopted a home-rule charter which included the provisions of the housing act until changed by ordinance. The charter also specifically provided that the city was to have the power to regulate construction and alteration of buildings within its corporate limits.

In 1934, two years after Robert Simms altered the building here involved, Minneapolis passed the building code now in effect, two sections of which are germane to the situation presented by the case at bar. Section 3103 provided, among other things, that those provisions of the housing act should remain in effect "in so far, *and so far only,* as they are not in conflict with any specific provision or provisions" of the building code. (Italics supplied.) Section 107.2 of the building code provided: *"Existing buildings may be maintained in their present condition and occupancy."* (Italics supplied.) In addition to this provision, § 3102 of the code, entitled "Saving Clause," permitted the completion of pending actions or actions started within one year for violations of the code. That year expired April 3, 1935.

An action was brought against defendants in 1944 under the building code, and it was dismissed because it was barred by the above statute of limitation. Then, in October 1944, this action was brought under the housing act, but later the complaint was amended

to state a cause of action under the city building code, which had incorporated the housing act by reference.

The state's contention that an action could be maintained under the circumstances above stated is untenable. The record is conclusive that the apartments now complained of were used and maintained as dwellings in 1932 and have been so used and maintained ever since. The building code provisions in the sections above cited clearly permit the residential occupancy of the apartments involved as they existed at the time the building code was adopted and bar prosecution under the ordinance after one year. The court which dismissed the case in 1944 was correct in so doing, but it is not necessary to pass upon either the question of *res judicata* or double jeopardy.

Reversed with directions to enter a judgment of dismissal.